# UNITED STATES DISTRICT COURT

For the Northern District of Texas

| | |
|---|---|
| CORNELL JONES<br>*Plaintiff*<br><br>v.<br><br><br><br><br><br><br>Lovebond Community Outreach LLC. and<br>Darryl Mason | ) CIVIL ACTION CASE NO.<br>)<br>) 3:20-CV-**20-2099**<br>)<br>)<br>)**JOINT ANSWER AND**<br>)**COUNTERCLAIM**<br>)<br>)<br>)<br>) |

## DEFENDANTS' ORIGINAL JOINT ANSWER

**NOW COMES**, Lovebond Community Outreach, LLC. and Darryl Mason (*Defendants*) severely and jointly hereby **DENY** all allegations as set forth in Plaintiff's Civil Action unless otherwise admitted to as provided herein.

## DEFENDANTS' JOINT DEFENSES

Defendants assert the following defenses:

### FIRST DEFENSE

1. Defendants deny all allegations and causes of action as set forth by Plaintiff.

### SECOND DEFENSE

2. Plaintiff is not entitled to damages because he was not an employee but in fact an independent contractor.  As such, the Fair Labor Standards Act (FLSA) does not apply to the parties.

### THIRD DEFENSE

3. Alternatively, if Plaintiff is deemed to be an employee within the meaning of any state or Federal code, statute and/or regulation, Plaintiff was unjustly enriched to the detriment of Defendant LBCO, because Plaintiff failed to actually work equal to or in excess of 40 hours per work week.  Such failure results in Plaintiff not being covered by the FLSA.

### FOURTH DEFENSE

4. Plaintiff's lawsuit is frivolous, without foundation, vexations, and brought with bad faith.

## DEFENDANT MASON'S DEFENSES

5. Defendant denies all allegations asserted against him in Plaintiff's complaint.
6. Defendant Mason asserts that as an employee of Defendant LBCO, he should be indemnified for any action taken against him by Plaintiff while in furtherance of Defendant LBCO's business interest.

---

Without waiving the aforementioned defenses, Defendants jointly respond in-kind to the factual assertions made by Plaintiff as follows:

7. Defendants admit to Plaintiff's allegation as set forth in paragraph 1.
8. Defendants admit to Plaintiff's allegation as set forth in paragraph 2.
9. Defendants deny Plaintiff's allegation as set forth in paragraph 3 and holds Plaintiff to his strict burden of proof and persuasion.  Defendant, Darryl Mason, is an employee of Defendant LBCO and demands, to which Defendant LBCO admits, to be indemnified by Defendant LBCO based on the allegations set forth in Plaintiff's complaint.  Specifically, Plaintiff's allegations, although denied by both Defendants, would have occurred during the course of LBCO's business activities.
10. Defendants admit to this matter being heard in the United States District Court as asserted in paragraph 4 of Plaintiff's Civil Action.
11. Defendants admit to this matter being venued in the Northern District of Texas as asserted in paragraph 5 of Plaintiff's Civil Action.
12. Defendants admit to Plaintiff's allegation as set forth in paragraph 6.
13. Defendants deny Plaintiff's allegation as set forth in paragraph 7 and holds Plaintiff to his strict burden of proof and persuasion.
14. Defendants deny Plaintiff's allegation as set forth in paragraph 8 and holds Plaintiff to his strict burden of proof and persuasion.
15. Defendants deny Plaintiff's allegation as set forth in paragraph 9 and holds Plaintiff to his strict burden of proof and persuasion.
16. Defendants deny Plaintiff's allegation as set forth in paragraph 10 and holds Plaintiff to his strict burden of proof and persuasion.
17. Defendants deny Plaintiff's allegation as set forth in paragraph 11 and holds Plaintiff to his strict burden of proof and persuasion.

18. Defendants deny Plaintiff's allegation as set forth in paragraph 12 and holds Plaintiff to his strict burden of proof and persuasion.
19. Defendants deny Plaintiff's allegation as set forth in paragraph 13 and holds Plaintiff to his strict burden of proof and persuasion.
20. Defendants deny Plaintiff's allegation as set forth in paragraph 14 and holds Plaintiff to his strict burden of proof and persuasion.
21. Defendants deny Plaintiff's allegation as set forth in paragraph 15 and holds Plaintiff to his strict burden of proof and persuasion.
22. Defendants deny Plaintiff's allegation as set forth in paragraph 16 and holds Plaintiff to his strict burden of proof and persuasion.
23. Defendants deny Plaintiff's allegation as set forth in paragraph 17 and holds Plaintiff to his strict burden of proof and persuasion.

## CAUSES OF ACTION

### Unpaid Overtime- FLSA

Defendants re-assert and incorporate all previous defenses and answers as set forth in Paragraphs 1-22 and further denies all causes of action as provided in Plaintiff's Civil Action paragraphs 18-33.

24. Defendants deny Plaintiff's allegation as set forth in paragraph 19 and holds Plaintiff to his strict burden of proof and persuasion.
25. Defendants deny Plaintiff's allegation as set forth in paragraph 20 and holds Plaintiff to his strict burden of proof and persuasion.
26. Defendants deny Plaintiff's allegation as set forth in paragraph 21 and holds Plaintiff to his strict burden of proof and persuasion.
27. Defendants deny Plaintiff's allegation as set forth in paragraph 22 and holds Plaintiff to his strict burden of proof and persuasion.
28. Defendants deny Plaintiff's allegation as set forth in paragraph 23 and holds Plaintiff to his strict burden of proof and persuasion.
29. Defendants deny Plaintiff's allegation as set forth in paragraph 24 and holds Plaintiff to his strict burden of proof and persuasion.
30. Defendants deny Plaintiff's allegation as set forth in paragraph 25 and holds Plaintiff to his strict burden of proof and persuasion.

31. Defendants deny Plaintiff's allegation as set forth in paragraph 26 and holds Plaintiff to his strict burden of proof and persuasion.

Defamation/ Defamation *Per Se*

Defendants re-assert and incorporate all previous defenses and answers as set forth in each and every previous section and further denies all causes of action and demands that Plaintiff's request for relief as provided in Plaintiff's Civil Action be denied.

32. Defendants deny Plaintiff's allegation as set forth in paragraph 28 and holds Plaintiff to his strict burden of proof and persuasion.
33. Defendants deny Plaintiff's allegation as set forth in paragraph 29 and holds Plaintiff to his strict burden of proof and persuasion.
34. Defendants deny Plaintiff's allegation as set forth in paragraph 30 and holds Plaintiff to his strict burden of proof and persuasion.
35. Defendants deny Plaintiff's allegation as set forth in paragraph 31 and holds Plaintiff to his strict burden of proof and persuasion.
36. Defendants deny Plaintiff's allegation as set forth in paragraph 32 and holds Plaintiff to his strict burden of proof and persuasion.
37. Defendants deny Plaintiff's allegation as set forth in paragraph 33 and holds Plaintiff to his strict burden of proof and persuasion.
38. Defendants deny all additional allegation as set forth in his complaint and holds Plaintiff to his strict burden of proof and persuasion.

**DEFENDANTS' FACTS**

39. Defendant, LBCO, is a Limited Liability Company licensed by the state of Texas and doing business primarily in Dallas County, Texas.
40. Defendant LBCO employs both employees and Independent Contractors to fulfil contractual opportunities that arise from time to time in its course of business.
41. Such contractual obligations are within the mental health industry. Specifically, LBCO will be contacted, and contracted by, state agencies, for example, mental health court, school districts and/ or medical doctor's offices to provide mental health care to those potential patients.

42. Upon referral, the potential patient will go through an intake and treatment process with a licensed mental health professional employed by LBCO.  Once such process is completed, LBCO will contact an independent contractor, whose title is either, Qualified Mental Health Professionals (QMHP) or Community Support Specialists (CSSP) to inquire as to whether he, or she, wishes to accept a referral.
43. LBCO maintains a list of QMHPs and CSSPs.  If the referral is accepted by either independent contractor, the contractor will be provided a confidential case file, which includes patient biological psychological, and social information, in addition to the treatment plan previously developed by LBCO.
44. On or about September 2019, Defendant LBCO contracted with Plaintiff in a position entitled Community Support Specialist (CSSP).  In this capacity, Plaintiff was to provide educational and therapeutic services to different appointed clients.  As such, Plaintiff was free to decline or accept such appointments.  If he accepted such appointment, Plaintiff was free to schedule, at his leisure, and in accordance with his availability, meetings and outings with his appointed clients.
45. Upon accepting an appointment, Plaintiff was aware of how to properly process, note, and report his activity on such cases.  As part of the case activity process, Plaintiff was to input his work performance into an electronic record keeping database.  This database was then corroborated by physically signed timesheets, signed off on by the principle associated with the appointed case.  For example, if Plaintiff were assigned to a file, after rendering services, prior to his departure from the client, the client would sign a written log that confirmed that Plaintiff provided contracted services.  After the timesheet was signed it was to be uploaded into the computer system or hand delivered to an employee with Defendant.  Once this process was completed, Plaintiff, would then receive compensation for those services rendered in conformity with the agreed upon renumeration.
46. Defendant, LBCO, prior to November 2019 to current, has employed Defendant Mason in the position of Vice President.  In such position, Defendant Mason runs day to day operations for Defendant LBCO.
47. Defendant Mason, in his capacity as Vice President of Defendant LBCO, was contacted by different parties advising him that Plaintiff had engaged in inappropriate behavior regarding child clients.

48. On or about February 6, 2020, Defendants met with Plaintiff along with a witness. During this meeting, Plaintiff admitted that he engaged in questionable and highly concerning behavior.

49. On February 6, 2020 at approximately 7:49p.m., Plaintiff sent an electronic communication to the Chief Executive Officer of Defendant LBCO, admitting that Plaintiff "had a lapse in judgement…".

50. On or about February 7, 2020, Defendants notified Plaintiff that his services were no longer needed. Such decision was made after an internal investigation revealed that Plaintiff, did in fact, engage in behavior that was inconsistent with the values, standards, moral and legal ethics associated with Defendant LBCO.

51. On or about March 2020, Defendant LBCO, was contacted by Plaintiff alleging that he believed that Defendant violated the FLSA and engaged in defamatory conduct against Plaintiff, all of which was false.

52. Immediately after being notified of these allegations, Defendant conducted an additional investigation into both allegations. At the conclusion of the investigation it was determined that Plaintiff failed to meet the threshold of working in excess of forty (40) hours per work week. Additionally, it was determined that Plaintiff had been greatly overcompensated for services not actually rendered.

53. Lastly, it was determined, and ultimately corroborated by Plaintiff himself, that he did in fact engage in questionable, yet clearly inappropriate behavior that justified Defendant not extending any future contracted opportunities to Plaintiff.

## DEFENDANT, LBCO, COUNTERCLAIM AND

*CAUSE OF ACTION*

### UNJUST ENRICHMENT

1. Plaintiff and Defendant had an agreement that Plaintiff would provide contracted services for Defendant LBCO.

2. Plaintiff and Defendant agreed on a compensatory arrangement in which, based on the services rendered, Defendant would be provided appropriate renumeration. Such renumeration was based on office policy and procedural compliance, specifically, Plaintiff would pay for services corroborated by the required timesheet submission.

3. Plaintiff knowingly submitted, into Defendant LBCO's electronic database hours that he knew he did not work in conformity with the parties' arrangement.

4. Because of this fraudulent behavior and his omission in uploading his timesheets, as agreed, Plaintiff was overcompensated which has resulted in Plaintiff being unjustly enriched.

## DEFENDANTS' PRAYER FOR RELIEF

Defendants respectfully request that this honorable court:

1. **DENY**, Plaintiff's relief in its totality;
2. **STRIKE** from the case caption any reference to Darryl Mason as a litigant in this matter;
3. **ORDER**:
    a. Plaintiff to pay reasonable attorneys fees based on blatantly false allegations as set forth in Plaintiff's Complaint;
    b. Plaintiff to pay punitive damages.
    c. Plaintiff to pay, to Defendants, liquidated damages associated with his overpayment and unjust enrichment
    d. Plaintiff pay any and all Court costs associated with having to defend and prosecute this matter.
4. Any further relief deemed fair and equitable by this honorable court.

Dated:  October 19, 2020

Respectfully Submitted,

_____
Benjamin E. Myers
Texas Bar ID No. 24115253
**ATTORNEY FOR DEFENDANTS**
2201 Main Street
Suite 1018
Dallas, Texas 75201
214-563-8921 *direct*
Benjamin@mylawfirmpllc.com

## CERTIFICATE OF SERVICE

I, Benjamin E. Myers, attorney for Defendants, herby state that on **October 20, 2020**, served this document entitled, JOINT ANSWER AND COUNTERCLAIM, upon Plaintiff by and through his attorney of record, R.S. Ghio, via the Federal Electronic Court Filing System.